# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GERALD WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) Case No.   08-cv-1298 |
| | ) |
| v. | ) Hon. Judge Guzman |
| | ) |
| STATE OF ILLINOIS and JESSE WHITE, SECRETARY OF STATE | ) Hon. Magistrate Judge Keys |
| | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants, the STATE OF ILLINOIS and JESSE WHITE, Illinois Secretary of State, by their attorney, LISA MADIGAN, Illinois Attorney General, submit this memorandum of law in support of their motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### I. STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss under both Rule 12(b)(1) and Rule 12(b)(6), the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Sanner v. Bd. of Trade,* 62 F .3d 918, 925 (7th Cir. 1995); *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002); *Jackson v. E.J. Brach Corp.,* 176 F.3d 971, 977 (7th Cir. 1999). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S.Ct. 1955, 1964-1965 (2007)(citations and quotations omitted).

While normally the court will not look outside the pleadings in ruling on a motion to dismiss, "a district court may take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment." *Anderson v. Simon,* 217 F.3d 472, 474-75 (7th Cir. 2000).

## II. PLAINTIFF'S CLAIMS

Plaintiff's Complaint sets forth his claims in ¶1 and ¶4. ¶1 states "This is a cause for deprivation of rights (42USC1983) and equal rights under the law (42USC1981)." ¶4 states "This is a cause for false claims (31USC3802) and defamation of character (28USC-app.405)."

To state a claim under 42 U.S.C.A. §1983, Plaintiff must allege that he was deprived of a federal right, privilege, or immunity by a person acting under color of state law.  To state a claim under 42 U.S.C.A. §1981, Plaintiff must allege that he was discriminated against or suffered retaliation based upon race.

The Federal False Claims Act, 31 U.S.C.A. 3802 concerns fraudulent claims made against the federal government for work not performed as required by contract. The Act has no applicability to the allegations of this Complaint.

Defendants are unable to determine with certainty what Plaintiff intended to refer to with the citation 28USC-app.405. The best guess is F.R.E. 405 which deals with methods of proving character. If this was Plaintiff's intent, the rule provides no

basis for a claim against Defendants; if not, Defendants are unable to determine what claim is being brought.

### III.    DISMISSAL UNDER F.R.CIV.P. 12(b)(1)

#### A. District Court's Jurisdiction

#### 1. Statutory Jurisdiction

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). In this case, the Court lacks jurisdiction over Defendants.

The federal district courts have original jurisdiction pursuant to 28 U.S.C.A. §1332 over claims where the amount in controversy exceeds $75,000.00 and the suit is between citizens of different states, or pursuant to 28 U.S.C.A. §1331 where the cause of action arises under the Constitution, laws or treaties of the United States,.

28 U.S.C.A. §1332 does not apply in this case because there is no allegation that Plaintiff is not a resident of the State of Illinois.

28 U.S.C.A. §1331 does not apply because there is no federal question presented, as stated in Section IV below.

The lack of jurisdiction requires the dismissal of Plaintiff's Complaint.

#### 2. Plaintiff's Claims are Barred by *Res Judicata*

Plaintiff filed a prior action in state court regarding the revocation of his driver's license in 2007 (07-CH-5013, in the Circuit Court of Cook County, Illinois). Plaintiff's request for administrative review in 07-CH-5013 was denied. Plaintiff's

Complaint and the Circuit Court's Order in 07-CH-5013 are attached to this memorandum as Exhibits 1 and 2 respectively. To the extent that Plaintiff's allegations mirror those of his state court Complaint in 2007-CH-5013, his claims are barred by *res judicata* and this Court lacks jurisdiction to hear those matters.

Under the Full Faith and Credit Statute, 28 U.S.C. §1738, a federal court must apply the same *res judicata* principles that a state court would apply, and §1983 cases are no exception. *Allen v. McCurry*, 449 U.S. 90, 104 (1980); *Migra v. Warren City School Dist. Board of Education*, 465 U.S. 75 (1984); *Licari v. City of Chicago*, 298 F.3d 664 (7th Cir. 2002). If a state agency acts in a judicial capacity and resolves disputed issues of fact which the parties had an adequate opportunity to litigate, federal courts must give the agency's fact finding the same preclusive effect to which it would be entitled in the state's courts. *University of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986). In this case, not only did Plaintiff have a full opportunity to litigate his case in the administrative hearing, he also exercised his right to review in the Circuit Court of Cook County. Those decisions therefore prevent this Court from exercising jurisdiction and Plaintiff's Complaint should be dismissed.

### 3. The Abstention Doctrine Deprives This Court of Jurisdiction

Plaintiff also filed for administrative review in 2008 (08-CH-15028, in the Circuit Court of Cook County, Illinois). A copy of that Complaint is attached hereto as Exhibit 3. That request for administrative review is pending.

The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971) "generally requires federal courts to abstain from taking jurisdiction over federal

constitutional claims that involve or call into question ongoing state proceedings." *FreeEats.Com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007). Abstention principles focus on three concerns: "(1) the judicial or judicial in nature state proceedings must be on-going; (2) the proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state court proceedings to raise constitutional challenges." *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996).

The first factor is met because there has been no termination of the administrative review proceedings in the state court. The second factor is met. The issuance of driver's licenses is traditionally a state matter. *Shinholster v. Akron Automobile Association*, 711 F.Supp. 357, 363 (N.D. Ohio, E.D. 1989). This is particularly true where "driving a vehicle is a privilege, not a right." *Clark v. White*, 343 Ill.App.3d 689, 693 (4th Dist. 2003). The determination of who is entitled to that privilege is made by the state and those determinations should not be second-guessed by the federal court. The third and final factor is also met. The state court administrative review proceedings provide an adequate opportunity to raise any challenges raised by Plaintiff to the constitutionality of the revocation proceedings. Legal and factual challenges to the underlying administrative decision are "the essence of the [Administrative Review] Act, which permits review of 'all questions of law and fact presented by the entire record,' 735 Ill.Comp.Stat. 5/3-110." *Michalowicz v. Village of Bedford Park*, ___ F.3d ___, 2008WL2357104 *4 (7th Cir. June 11, 2008).

The ongoing administrative review case in the Circuit Court of Cook County provides the necessary reason for the this Court to abstain from exercising jurisdiction over the instant case and the Complaint should be dismissed with prejudice.

## B. The Court Lacks Jurisdiction Under The Eleventh Amendment

Plaintiff has brought this suit against Defendants pursuant to 42 U.S.C.A. §1983. This Court lacks jurisdiction because Defendants - the State of Illinois and Jesse White in his official capacity as Secretary of State - are immune from suit under the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." Although the literal wording appears not to include suits by a citizen against the citizen's own state, subsequent judicial interpretation has extended the immunity to suits by all individuals regardless of citizenship. *Pennhurst v. Halderman*, 465 U.S. 89 (1984) states:

> The Court's decisions thus establish that an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state . . . *It is clear, of course, that in the absence of consent a suit in which the state or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought.*

*Id.* at 100 (emphasis added) (internal citations omitted).

The Eleventh Amendment applies to both the claims against the State and the claims against the Secretary of State. This bar to federal jurisdiction over a state and state agencies has been reaffirmed many times. See, *e.g.*, *Joseph v. Board of Regents of University of Wisconsin*, 432 F.3d 746, 748 (7th Cir. 2005); *Nelson v. LaCrosse County Dist. Atty. (State of Wisconsin)* 301 F.3d 820, 827, n.7 (7th Cir. 2002); *Jensen v. State Board of Tax Commissioners of State of Indiana*, 763 F.2d 272, 276 (7th Cir. 1985) (suits against nonconsenting state or one of its agencies or departments "clearly proscribed" by the Eleventh Amendment); *Kroll v. Board of Trustees of University of Illinois*, 934 F.2d 904, 907 (7thh Cir. 1991); *Moore v. State of Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993). The only exceptions to this rule is if the State has consented to suit (which in this case it has not) or if Congress has overridden the Eleventh Amendment by specifically and unequivocally legislating under another constitutional grant of authority, such as section 5 of the Fourteenth Amendment. See *Tennessee v. Lane*, 541 U.S. 509 (2004); *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976). There is no such Congressional override at play here. The suit is brought under 42 U.S.C.A. § 1983 which does not abrogate a State's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 342 (1979); *Kentucky v. Graham*, 473 U.S. 159, 169 n. 17 (1985).

Plaintiff has failed to designate in his Complaint whether Defendant White is being sued in his official or individual capacity. Seventh Circuit case law is clear that in the absence of a contrary designation, the presumption is that the defendant is being sued in his official capacity. The Court went so far as to declare "In order to

avoid further confusion on this issue in the future, where a complaint alleges that the conduct of a public official acting under color of state law gives rise to liability under Section 1983, we will ordinarily assume that he has been sued in his official capacity and only in that capacity. . . . If a plaintiff intends to sue public officials in their individual capacity or in both their official and individual capacities, he should expressly state so in the complaint." *Kolar v. County of Sangamon of the State of Illinois*, 756 F.2d 564, 568 (7th Cir. 1985)(internal citations omitted).

When a state official is sued in his official capacity, it is in effect a suit against the state and therefore subject to the jurisdictional bar of the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Scott v. O'Grady*, 975 F.2d 366, 369; *Kroll v. Board of Trustees*, 934 F.2d 904, 907-08 (7th Cir. 1991).

As both the State of Illinois and Jesse White in his official capacity as Secretary of State are deemed to be the "state," this Court lacks jurisdiction to hear Plaintiff's claims and the Complaint should be dismissed with prejudice.

### C. The State Is Not A "Person" Under Section 1983.

As an additional basis for dismissal, the State is not a "person" subject to liability within the meaning of §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Landers Seed Co., Inc.,* 15 F.3d at 732, fn. 3; *Joseph*, 432 F.3d at 748; *Carroll v. DeTella*, 255 F.3d 470, 471 (7th Cir. 2001). Thus, the State, and by extension Defendant White in his official capacity, are not proper parties under §1983.

### D. Defendant White Has Prosecutorial Immunity

Plaintiff sues Defendant White in his role as the head of the office responsible for issuing driver's licenses. Plaintiff does not allege that Defendant White was personally involved in the decision to revoke Plaintiff's license. However, even if Plaintiff did so allege, Defendant White is immune from suit based on prosecutorial immunity. Any actions taken by Defendant White in his role as the Illinois Secretary of State are subject to prosecutorial immunity and Plaintiff's claims against him must be dismissed.

Absolute judicial immunity shields quasi-judicial actors, like Defendant White, from liability for civil damages arising out of the performance of his job. *Killenger v. Johnson,* 389 F.3d 765, 770 (7th Cir. 2004). It is well-settled that prosecutors are absolutely immune from a suit for damages under §1983 for initiating a prosecution and presenting the state's case. *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976). It is also well-established that a prosecutor is entitled to absolute immunity from suit under §1983 with respect to certain types of official conduct, including initiation and pursuit of criminal prosecution, presentation of the state's case at trial and any other conduct that is closely associated with the judicial process. *See Mendenhall v. Goldsmith,* 59 F.3d 685, 689 (7th Cir. 1995); *Buckley v. Fitzsimmons,* 509 U.S. 259 (1993); *Imbler,* 424 U.S. at 427. Prosecutors are entitled to "absolute immunity when their actions are within the scope of their prosecutorial duties." *Arnold v. McClain,* 926 F.2d 963, 967 (10th Cir. 1991); *see, e.g., Wolfe v. Perry,* 412 F.3d 707,

722 (6th Cir.). To the extent that Plaintiff's claims arise from the prosecution of his license revocation, Defendant White is absolutely immune.

## IV.    DISMISSAL UNDER F.R.CIV.P. 12(b)(6)

### A. Plaintiff Fails To State A Claim Under §1981

Plaintiff makes no allegation that any of the adverse actions taken against him were the result of racial discrimination or retaliation by Defendants. Plaintiff's complaint therefore fails to state a claim under §1981 and should be dismissed with prejudice.

### B. Plaintiff Fails To State A Claim Under §1983

#### 1. No Allegation of Personal Action by Defendant White

Plaintiff does not state in his Complaint in what capacity he is suing Defendant White. Any suit brought against him in his capacity as the Illinois Secretary of State is barred by the Eleventh Amendment and by prosecutorial immunity, as discussed above. To the extent Plaintiff could be seen as suing Defendant White in his individual capacity, the Complaint fails to state a claim upon which relief may be granted.

The allegations against Defendant White can be fairly summarized as being based upon the improper revocation of Plaintiff's driver's license by the Office of the Secretary of State through the actions of its employees who made the decision to revoke based upon incorrect or perjured information. The Complaint contains no allegations that Defendant White personally took any action related to Plaintiff in

any capacity. In fact, the Complaint makes clear that all the action taken was taken by employees of the Office of Secretary of State.

Generally, a defendant must have some direct personal responsibility for the deprivation of constitutional right for individual liability to attach under §1983. *Maltby v. Winston,* 36 F.3d 548, 559 (7th Cir. 1994); *Duncan v. Duckworth,* 644 F.2d 653, 655 (7th Cir. 1981). The Complaint is fairly read to allege that an individual employed by the Illinois Secretary of State was involved in the issues related to Plaintiff's driver's license, but *respondeat superior* may not be used as a theory of liability under §1983. *Monell v. Dept. of Social Services,* 436 U.S. 658, 691 (1978); *Kernats v. O'Sullivan,* 35 F.3d 1171, 1182 (7th Cir. 1994); *Del Raine v. Williford,* 32 F.3d 1024, 1047 (7th Cir. 1994). Thus, Plaintiff has not stated a claim against Defendant White and his Complaint should be dismissed with prejudice.

### 2. State Law Provides an Adequate Remedy and Due Process Protection

The essence of Plaintiff's Complaint appears to be that he seeks review of what he considers to be an unfair administrative hearing to revoke his driver's license. Construed as a due process allegation, Plaintiff's Complaint fails to state a cause of action because state law provides an adequate remedy for review of administrative decisions under the Illinois Administrative Review Act, 735 ILCS 5/3-101, *et seq.* As noted, *infra*, Plaintiff has filed two previous administrative review actions in state court.

The court in *Michalowicz v. Village of Bedford Park*, ___ F.3d ___, 2008WL2357104 *5 (7th Cir. June 11, 2008), held that "Because the Act provides

adequate remedies for the alleged violation of existing procedural requirements, Michalowicz has not stated a due-process claim arising from his posttermination hearing," (citing *Schact v. Wisc. Dep't of Corrections*, 175 F.3d 497, 503 (7th Cir. 1999)). As Plaintiff's multiple filings for administrative review aptly demonstrate, there exists a sufficient independent mechanism for review of erroneous decisions by the Secretary of State in driver's license revocation proceedings. Because Plaintiff has an adequate remedy in the state court, his Complain should be dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, the district court lacks jurisdiction to hear Plaintiff's claims and Plaintiff fails to state a cause of action upon which relief can be granted. Plaintiff's Complaint should therefore be dismissed with prejudice.

|  |  |
|---|---|
| **LISA MADIGAN**<br>**Illinois Attorney General** | **Respectfully Submitted:**<br>s/JAMES A. LANG<br>IL Bar 06211100<br>**Assistant Attorney General**<br>**General Law Bureau**<br>**100 W Randolph St, 13th FL**<br>**Chicago IL  60601**<br>**Phone:      (312) 814-5694**<br>**Fax:           (312) 814-4425**<br>**jlang@atg.state.il.us** |

<u>CERTIFICATE OF SERVICE</u>

The above-signed, an attorney of record, hereby certifies that a copy of the foregoing document was served this June 18, 2008, upon the individuals identified below in the manner indicated.

GERALD WILLIAMS
2705 W 83RD ST
CHICAGO IL  60652-3901

by U.S. mail