IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CHANCERY DIVISION

Gerald Williams, )
    Plaintiff, )
    v. ) No. 07CH05013
Secretary of State of Illinois; Jesse White, )
Secretary of State of Illinois; A. Patricia Scott, )
Hearing Officer, Secretary of State of Illinois; )
Jesse White, Secretary of State, Department of )
Administrative Hearings )
    Defendants. )

## COMPLAINT FOR ADMINISTRATIVE REVIEW

Plaintiff, Gerald Williams, *pro se*, pursuant to 735 ILCS 5/3-101 *et seq.*, complains of the Secretary of State of Illinois, as follows:

1. Plaintiff resides at 2705 W. 83rd St., Chicago, IL 60652.

2. A final administrative decision was rendered by A. Patricia Scott, Hearing Officer, Secretary of State of Illinois, on January 24, 2007.

3. Plaintiff desires a review of DL NO: W452-2807-1126, File No: C-00091-07 because this decision is not in accordance with the law, and was against the manifest weight of the evidence. *A copy of the decision is attached.*

4. The Secretary of State is hereby requested to file an answer consisting of the record of the proceedings held before said administrative agency.

5. Plaintiff has exhausted all available administrative remedies under the Act and has no further plain, speedy, adequate remedy in the ordinary course of law.

WHEREFORE, Plaintiff requests that said record be judicially reviewed.

Respectfully submitted,

*Pro Se*

Atty. No.    99500
Name:    Gerald Williams
Atty. For:    pro se
Address:    2705 W. 83rd St.
City/State:    Chicago, IL. 60652
Telephone:    773.556.6123

RECEIVED (S)
MAR 06 2007
SECRETARY OF STATE
ADMINISTRATIVE HEARINGS

FILED
2007 FEB 22 PM 12:35
DOROTHY BROWN
CIRCUIT COURT OF COOK COUNTY, ILLINOIS
CHANCERY DIV.
CLERK

JESSE WHITE
SECRETARY OF STATE
STATE OF ILLINOIS

IN THE MATTER OF THE REVOCATION OF THE
DRIVER'S LICENSE AND DRIVING PRIVILEGES     FILE NO. C-00091-07
OF GERALD WILLIAMS
DRIVER'S LICENSE NUMBER: W452-2807-1126

### ORDER

WHEREAS, the Findings of Fact, Conclusions of Law, and Recommendations of the Hearing Officer, A. PATRICIA SCOTT in the above captioned case have been read and examined; and,

WHEREAS, the record has been reviewed; and,

WHEREAS, the Findings of Fact and Conclusions of Law are correct and are hereby adopted as the Findings of Fact and Conclusions of Law of the Secretary of State ("Secretary"); and,

WHEREAS, the rulings of the Hearing Officer on the admission of evidence and all motions were correct and are hereby concurred in by the Secretary; and,

WHEREAS, the Secretary adopts the recommendations of the Hearing Officer;

**NOW THEREFORE, IT IS HEREBY ORDERED:** That pursuant to the Findings of Fact, Conclusions of Law, and the Recommendations of the Hearing Officer, the Petition for the rescission of the Order of Revocation entered effective January 9, 2007 pursuant to Section 6-206(a)9 of the Illinois Vehicle Code is hereby **DENIED.**

The Petitioner's driving history contained under driver's license #W452-2807-1126 and driver's license #W452-2907-1064 have already been **COMBINED**. The resulting abstract now bears the driver's license # W452-2807-1126, name Gerald Williams, social security #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 and birth date May 2, 1971.

RECEIVED (S) MAR 0 6 2007 SECRETARY OF STATE ADMINISTRATIVE HEARINGS

## FINDINGS AND RECOMMENDATIONS

## OF THE HEARING OFFICER

### JURISDICTION:

This cause comes on for hearing at the request of Petitioner on **January 9, 2007**, pursuant to §5/2-118 of the Illinois Vehicle Code ("IVC") at 625 ILCS, *et seq.*, as amended and 92 Illinois Administrative Code, ("IAC") at Chapter II, §1001, *et seq.*, as amended, before **A. PATRICIA SCOTT**, a duly appointed Hearing Officer. Petitioner **GERALD WILLIAMS** ("Petitioner") appears *pro se*, having knowingly waived his right to legal counsel. The Secretary of State ("Secretary") was represented by **HILLARY PRICE-COHEN**.

### RELIEF REQUESTED:

The Petitioner seeks rescission of the Order of Revocation effective January 9, 2007 pursuant to Section 6-206(a)9 of the Illinois Vehicle Code, or in the alternative, the issuance of a Restricted Driving Permit. The burden of proof is upon the Petitioner for any relief in a hearing. The standard of proof is by a preponderance of the evidence, except as provided in 92 IAC §§1001.100(s), and 1001.420(c), 430(b) and 440(b).

### FINDINGS OF FACT:

The Hearing Officer, being fully advised in the premises, finds as follows:

1. The evidence, exhibits, and testimony have been offered and received from all parties, and a proper record of all proceedings has been made and preserved as required. The Hearing Officer has ruled on all motions and objections timely made and submitted;

2. The Secretary of State of Illinois has jurisdiction over the parties herein and the subject matter hereof, due and proper notice having been previously given as is by statute in such case made and provided;

3. An Order revoking the driver's license and driving privileges of the Petitioner was entered effective January 9, 2007, pursuant to **Section 6-206(a)9** of the Illinois Vehicle Code, due to making a false statement, knowingly concealing a material fact or providing false information or identification in an application for a driver's license, identification card or permit.

    An Order revoking the driver's license and driving privileges of the Petitioner was entered effective September 30, 1989, pursuant to **Section 6-205(a)3** of the Illinois Vehicle Code, due to committing any felony under the last of any State of the federal government in the commission of which a motor vehicle was used.

RECEIVED (S) MAR 0 6 2007 SECRETARY OF STATE ADMINISTRATIVE HEARINGS

4. Petitioner's request for hearing and the Secretary's notice of hearing were entered into evidence as Secretary's Exhibits #1 and #2, respectively. Petitioner's driving record (including, but not limited to, related documents) was read into the record and admitted into evidence as Secretary's Group Exhibit #3. The Petitioner's yellow application for driving relief was entered into evidence as Secretary's Exhibit #4 in which the Petitioner reported no circumstances which otherwise would have precluded the Petitioner from proceeding with the hearing. Finally, Secretary's Exhibit #5 is the PDPS History/Status Response, obtained at the time of the scheduling of the hearing, which also did not indicate any information from any other State as of the date indicated.

5. Details concerning the case in question are as follows:

   a) The Petitioner testified that he had originally received a driver's license prior to age 17 as a part of his high school driver's education program. The Hearing Officer notes that this driver's license is number W452-2707-1064 and bears the birth date of March 2, 1971. This was a created driver's license. The Petitioner then testified that when he was 17 years of age he was arrested for and convicted of being in possession of a stolen vehicle. Pursuant to that conviction, he was not incarcerated but served 2 years of probation. He later (no date certain) applied for and received a driver's license in the name of Gerald Williams. The Hearing Officer notes that this license is number W452-2807-1126 and bears the birth date of May 2, 1971. Although the Petitioner's driving privileges were revoked on September 30, 1989 for any felony under the laws of any state of the federal government in which the commission of which a motor vehicle was used, the Petitioner further testified that he never received notice that his driving privileges had been revoked. The Petitioner then testified that he had no knowledge of having had a prior driver's license with the number W452-2707-1064 and with the birth date of March 2, 1971 and that he has never mis-represented his birth date or committed an intentional fraud. He submitted a birth certificate bearing the name Gerald James Williams, Junior and with a birth date of May 2, 1971. (Petitioner Ex. #2)

   b) The Hearing Officer notes that the Petitioner's argument is persuasive that he had committed no intentional fraud in the matter of two differing birth dates, particularly since it is the Petitioner's first, not second, driver's license that bears the erroneous date. Further, the Petitioner's birth date of March 2, 1971, which became a part of a created driver's license, was taken from the notice of felony conviction that bore the handwritten date of March 2, 1971, not from any document supplied by the Petitioner. The Hearing Officer is also persuaded that the Petitioner may have had no knowledge that his driving privileges had been revoked even though he had been arrested for (on January 25, 1994) and convicted of (on October 4, 1994) driving while suspended or revoked. (Secretary Ex. #3) The Hearing Officer gives this reduced weight because this suspension or revocation could not have been related to the revocation for the felony conviction because the Secretary was not aware that this conviction was a part of this Petitioner's record until 2006.

   c) The Petitioner is currently employed by the City of Chicago as a pool motor truck driver. (Petitioner Ex. #1) He holds a CDL. Although the Petitioner has considered in the course of the hearing requesting an employment based Restricted Driving Permit, and while the Hearing Officer finds that the Petitioner does have an undue hardship with respect to employment, there are no provisions under the Illi-

RECEIVED
MAR 06 2007
SECRETARY OF STATE
ADMINISTRATIVE HEARINGS

nois Vehicle Code or the 92 Illinois Administrative Code for the Secretary to issue a CDL Restricted Driving Permit.

6. The courts have held that the Petitioner's lack of knowledge that their driver's license is suspended when they answer the question of whether their driver's license is currently suspended or their lack of knowledge regarding any other incorrect information that they provide on their driver's license application does not preclude the Secretary of State from suspending their driver's license and driving privileges due to making a false statement or providing false information on a driver's license application pursuant to Section 6-206(a)9 of the Illinois Vehicle Code. Said statute allows the Secretary of State to suspend the driver's license and driving privileges of the Petitioner solely upon showing that the person made a false statement or provided false information on a driver's license application and therefore knowledge that the statement was false is immaterial. See **Bruce V. White**, 279 Ill. Dec. 907, 801 N.E.2d 581 (Ill. App. 4th Dist. 2003). Since the Petitioner provided no other rationale other than their failure of knowledge regarding the incorrectness of the information which they provided on the driver's license application dated, they have failed to meet their burden of proof that the suspension entered pursuant to Section 6-206(a)9 of the Illinois Vehicle Code should be rescinded.

7. The Petitioner has not submitted sufficient evidence to warrant the rescission of the order of revocation for the following reason: he has offered no rationale other than lack of having received notice of prior revocation.

8. Petitioner is employed by the City of Chicago, Department of Transportation. (Petitioner's Testimony and see Petitioner's Exhibit #1.)

   a) There is no alternative means of transportation available to Petitioner's driving in the course of his employment related duties for the City of Chicago because he is a motor pool truck driver by profession. Therefore, the Hearing Officer finds that there is an undue hardship as it pertains to employment. However, there are no provisions under the Illinois Vehicle Code or the 92 Illinois Administrative Code for the issuance of a CDL restricted driving permit. Therefore, the Petitioner's undue hardship is moot.

9. The Hearing Officer observed the demeanor of the Petitioner to be polite.

10. The testimony of the Petitioner was sincere.

11. The Petitioner failed to demonstrate that the suspension entered 625 ILCS 5/6-206(a)9 should be rescinded. Petitioner has carried his burden of proving an undue hardship for employment, however, there are no provisions under the Illinois Vehicle Code or the 92 Illinois Administrative Code for the issuance of an RDP for a commercial driver's license.

**STATUTES AND RULES APPLICABLE:**

The authority sections of the Illinois Vehicle Code (625 ILCS, Act 5) relied upon herein are: 2-101, 2-103, 2-104, 6-206(a)9, 6-206(c)3 and 6-208(b). The authority sections of the Rules and Regulations


RECEIVED (S) MAR 0 6 2007 SECRETARY OF STATE ADMINISTRATIVE HEARINGS

4

promulgated by the Secretary of State are contained in Chapter II, 92 Illinois Administrative Code, Section 1001.10 *et seq*.

## CONCLUSIONS OF LAW:

1. The Petitioner failed to submit sufficient evidence to warrant rescission of the Order of revocation. See 92 Ill. Adm. Code Secs. 1001.100(s) and 1001.460, as amended

## RECOMMENDATION:

The Petition for the rescission of the Order of Suspension entered effective January 9, 2006 pursuant to Section 6-206(a)9 of the Illinois Vehicle Code should be **DENIED**

_____
A. PATRICIA SCOTT
HEARING OFFICER

RECEIVED
(S)
MAR 0 6 2007
SECRETARY OF ...
ADMINISTR...

5