IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CHANCERY DIVISION

Gerald Williams, )
   Plaintiff )
) No.
v. )
)     08CH15028
Jesse White, Secretary )
of State of Illinois, )
   Defendant )

## COMPLAINT FOR ADMINISTRATIVE REVIEW

Plaintiff, Gerald Williams, pro se, pursuant to 735 ILCS 5/3-101 et seq., complains of the Secretary of State of Illinois, as follows:

1. The plaintiff resides at 2705 w. 83rd St., Chicago, IL 60652.

2. A final administrative decision was rendered by Tony Jones, Hearing Officer, Secretary of State of Illinois on March 19, 2008.

3. Plaintiff desires a review of DL NO. W452-2807-1126, file No: C-00618-08 because this decision was held in an arbitrary and capricious manner. , this decision was against the manifest weight of the evidence and this decision was not in accordance with the law

4. In 2006 the plaintiff received two unwarranted revocations on his license W452-2807-1126. These two revocations in 2006 were the first violations the plaintiff received on his license. With the exception of the 1994 conviction of driving during a suspension or revocation. This 1994 conviction is in question because it does not specify the action nor the reason for that action (as required by 625ILCS 5/6-117). *this is verified by A. Patricia Scott in file No. C-00091-07.*

5. The 2006 revocation for using false information to obtain a second dl should be terminated from the plaintiff's record because the plaintiff never used false information and has never held two dl. The SOS created the second license W452-2907-1064 in error by using the incorrect date of birth March 2, 1971.

6. In 2006 the 1989 revocation that was added to the plaintiffs driving record was for a 1989 felony conviction in which the plaintiff received two years probation and has since served his time and has paid his debt to society for that youthful indiscretion. The SOS failed in the 1989 revocation process of the plaintiff license

1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CHANCERY DIVISION

W452-2807-1126. This 1989 revocation that was added in 2006 should be barred from enforcement and terminated from the plaintiff's record, because the plaintiff has been in complete compliance with the SOS under his dl W452-2807-1126 from August 5, 1987 to November 1, 2006.

7. the plaintiff feels that this decision was held in an arbitrary and capricious manner because the SOS in November of 2006 accused Gerald of using a false date of birth May 2, 1971, to obtain a second dl because what the SOS calls Gerald's first dl (W452-2907-1064 with the incorrect date of birth March 2, 1971) has been revoked since 1989 for a 1989 felony conviction. The fact is that Gerald's first dl was issued in 1987 and has Gerald's correct date of birth May 2, 1971. Gerald has been driving in complete compliance on this dl since august 5, 1987, and driving professionally for 12 years, since 1994. The SOS failed to revoke Gerald's dl and privileges to obtain dl in the 1989 revocation process. The use of the incorrect date of birth March 2, 1971 during the 1989 revocation process caused the Secretary of State to create a fictitious driver's license **_(625 ILCS 5/6-301.1-a 1)_** w/false information **_(625 ILCS 5/6-301.1-a 2._** and revoked it; W452-2907-1064.

8. The correct information was available for the SOS at the time of the 1989 revocation but a breakdown in communication caused information to be erred. During the arrest for the 1989 felony conviction the arresting officers were given that correct date of birth May 2, 1971. The Chicago Police Department gave this correct information to the Illinois state police and the cook county circuit courts ORDER of probation which starts the process for the notice of felony conviction also shows Gerald's correct date of birth May 2 1971. so the plaintiff has clearly served an un warranted revocation in the January 9, 2007 decision stating that the plaintiff used false information to obtain a second dl.

9. if the SOS had used the correct date of birth during the revocation process they would have located the correct Gerald in their computer files and notice of revocation would have been sent addressed correctly to Gerald Williams at 2705 w 83rd St, informing the correct licensee that his dl was being revoked. In addition to that Gerald would have had to surrender his dl, he would not have the privilege of obtaining dl until the revocation has been cleared and the issuance of his dl is approved by the SOS.

RECEIVED
APR 25 2008    2
SECRETARY OF STATE
ADMINISTRATIVE HEARINGS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CHANCERY DIVISION

10. This was not the case. The SOS used the incorrect date of birth March 2, 1971 during the revocation process; therefore they sent notice to Gerald father Gerald "J" Williams at the same address. Here is Gerald's father's DL information in 1989, W452-2904-8118. Gerald was seventeen at the time and had neither legal right nor parental authorization to open any mail from the SOS addressed to Gerald "J" Williams because that is the SOS computer file name for Gerald's father. Gerald's parents were separated then and are divorced now. Mail addressed to Gerald's father was forwarded to Gerald's father. Gerald never received notice of this 1989 revocation nor was his dl revoked.

11. In addition to that the 1989 notice of revocation that was shown during the 2007 hearing was for the revocation and surrender of license W452-2907 1064 and the 1989 notice had no date of birth on it.

12. The plaintiff feels that the decision was against the manifest weight of the evidence. The SOS own records prove this. In 2006 The SOS clearly accused the plaintiff, of doing what "they" did. The SOS used false incorrect date of birth March 2, 1971 and created an invalid license.

13. The plaintiff feels that this decision is not in accordance with the law because the information was available for a proper investigation, but the SOS only used hearsay evidence and committed perjury in suggesting the plaintiff had two actual licenses with the plaintiff's picture on both licenses, with two different dates of birth and two different license numbers. This DOES NOT exist.

14. The Secretary of State is hereby requested to file an answer consisting of the record of the proceedings held before said administrative agency.

15. The plaintiff has exhausted all available administrative remedies under the Act and has no further plain, speedy, adequate remedy in the ordinary course of law.

WHEREFORE, the Plaintiff request that said record is judicially reviewed.

Respectfully submitted,

4-23-08

Pro se, Gerald Williams

IN THE CIRCUIT COURT OF COOK COUNTY

People of the State of Illinois ~~OR~~

_____
A ~~Mun. Corp.~~

vs

Gerald Williams
Respondent
I.R. # 8811A0
S.I.D. # _____

Municipal District _____
Case No. 89-9712
Charge(s) P.S.M.V.

( ) Probation    ( ) Conditional Discharge
(✓) ~~Term of~~ Supervision
for a period of 2 YEARS
Final Check Date _____
(✓) Reporting or ( ) Non-Reporting

FILED
AUG 22 1989
AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

## ORDER

### SENTENCE OF (PROBATION,) ~~CONDITIONAL DISCHARGE OR SUPERVISION~~

The Court orders that Probation, Conditional Discharge, or Supervision is subject to the following conditions — that the defendant shall:

(x) Not violate any penal offense of any jurisdiction.

(x) Refrain from possessing a firearm or other dangerous weapon.

(x) Appear within 72 hours before the Adult Probation Department or Social Service Department and comply with its rules and regulations.

(x) Not leave the State of Illinois without the consent of the Court or without prior notification and approval of the Adult Probation Department or Social Service Department.

(x) Notify the Adult Probation Department or Social Service Department within 72 hours of change of address.

(x) Return in person before the Court on 12-4-90 at 9:00 Room 208 and answer questions concerning your conduct.

( ) Make Restitution to _____ in the amount of _____ payable through (Probation) (Social Service) on or before _____

( ) Pay Fine and Court Costs of _____ on or before _____

( ) Complete Alcohol and Drug Education Services Evaluation and follow recommendations.

( ) Avoid contact with _____

( ) Perform ____ hours of community service as directed by the Social Service Department if qualified.

( ) Periodic Imprisonment (Work Release).
NOTE: A separate form is to be completed.

OTHER _____

DATED: 8-22-89    ENTER: [signature] Judge    Code

I acknowledge receipt of this Order and agree to abide by the conditions. I agree to accept any notices by regular mail at the address below or any change of address and answer any questions asked by the Court about my behavior. I understand that a failure to follow the conditions of this sentence or disposition could result in a new sentence up to the maximum penalty for the offense which is before the Court.

Gerald J. Williams
Defendant's Signature

2705 W. 83rd
Defendant's Address

[signature]
Assistant State's Attorney

(312) 776-5563
Defendant's Phone Number

5-12-71
Defendant's Date of Birth

APR 25 2008
SECRETARY OF STATE
ADMINISTRATIVE HEARINGS

CCG-90-12-30-88-50M-(90516)